IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBIE R. TATES, #1484508, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3452 |
| | § | |
| BRUCHEZ, GOSS, THORNTON, ET AL., | § | |
| | § | |
| Defendants. | § | |

### ORDER OF DISMISSAL

Bobbie R. Tates, # 1484508, a state inmate proceeding *pro se*, files this civil rights complaint under section 1983 against the Brazos County District Attorney and the law firm of Bruchez, Goss, Thornton. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for the reasons that follow.

### *Background and Claims*

Plaintiff complains that he was convicted in Brazos County, Texas, and that his court-appointed attorney did not properly represent him at trial or obtain a copy of the transcript for an appeal. As relief, plaintiff reports that, "I would like for my case to be tooking back to court, of, Brazos, County." (Docket Entry No.1, p. 4.) Liberally construed, this lawsuit requests that the conviction be set aside and a new trial ordered.

Court records reveal that plaintiff was convicted of murder in Brazos County, Texas, on January 30, 2008, and sentenced to forty years' incarceration. Plaintiff does not allege,

and public state court records do not show, that he appealed his conviction or pursued state habeas relief to the Texas Court of Criminal Appeals.[1]

### *Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Because plaintiff's successful prosecution of this civil rights lawsuit "would necessarily demonstrate the invalidity of confinement or its duration[,]" a section 1983 action is barred, and plaintiff's claims must be brought in a habeas corpus petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). However, plaintiff's challenges to his conviction and counsel's trial performance have not been fairly presented to the highest state court of Texas, and are unexhausted. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); 28 U.S.C. §

---

[1] Plaintiff reports that he filed a lawsuit of some type in state court against the Brazos County District Attorney on *November 5*, 2009; he also reports that he filed the instant lawsuit on that same date. Because it is currently October 2009, the Court notes that plaintiff's alleged filing dates are incorrect.

2254(b)(1)(A).  Plaintiff has not exhausted his state court remedies, and this Court declines to construe this lawsuit as a section 2254 habeas petition.  Accordingly, this case must be dismissed for failure to state a claim.  *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

## *Conclusion*

Plaintiff's complaint fails to state a claim upon which relief may be granted.  Accordingly, this lawsuit is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim.  All other pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on October 28, 2009.

_____
Gray H. Miller
United States District Judge